UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 08-80029-CIV-HURLEY/HOPKINS

WILLIAM WORKMAN,
    Plaintiff,

v.

R. J. REYNOLDS TOBACCO CO.,
    Defendant.
_____/

CLOSED CASE

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

**THIS CAUSE** comes before the court upon defendant's motion to dismiss [DE # 2]. For the reasons given below, the court will grant defendant's motion.

On January 15, 2008, plaintiff filed a *pro se* handwritten complaint [DE # 1]. The complaint alleges that plaintiff was diagnosed with cancer of the larynx in 1976, and that plaintiff's doctors concluded the cancer was caused by smoking tobacco. The complaint also alleges that plaintiff has a permanent tracheotomy, which caused chronic bronchitis, and that plaintiff contracted hepatitis C.

Construing the *pro se* pleading liberally, *see Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008), the court understands the complaint as asserting a product-liability claim against defendant. Florida law provides for a four-year statute of limitations in any "action for injury to a person founded on the design, manufacture, distribution, or sale of personal property . . . ." Fla. Stat. § 95.11(3)(e). In a case involving latent disease, the cause of action accrues when "the accumulated effects of the deleterious substance manifest themselves [to the claimant], in a way which supplies some evidence of causal relationship to the manufactured product." *Carter v. Brown & Williamson Tobacco Corp.*, 778 So.2d 932, 937 (Fla. 2000) (internal quotations omitted).

Here, plaintiff's complaint itself acknowledges that plaintiff was diagnosed with cancer in 1976,

Order Granting Defendant's Motion to Dismiss
Workman v. R. J. Reynolds Tobacco Corp.
Case No. 08-80029-CIV-HURLEY/HOPKINS

and that his doctors then told him that the cancer was caused by smoking. Moreover, none of the statutorily-enumerated grounds for tolling the statute of limitations applies to this case. *See* Fla. Stat. § 95.051 (providing exhaustive list of potential grounds for tolling). Thus, plaintiff's claim is barred by the statute of limitations. To the extent that plaintiff would rely on the bronchitis and hepatitis diagnoses, whose dates are not given in the complaint, plaintiff's claim is nevertheless untimely. In Florida, the cause of action accrues immediately upon the first injury caused by another's wrongful act, even though related injuries may later manifest themselves. *See City of Miami v. Brooks*, 70 So.2d 306, 308 (Fla. 1954) ("[W]here an injury, although slight, is sustained in consequence of the wrongful act of another, and the law affords a remedy therefor, the statute of limitations attaches at once . . . . [T]he running of the statute is not postponed by the fact that the actual or substantial damages do not occur until a later date.").

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that:

1. Defendant's motion to dismiss [DE # 2] is **GRANTED**.

2. All claims in this matter are **DISMISSED**.

3. Any pending motions not otherwise ruled upon are **DENIED AS MOOT**.

4. The Clerk of the Court is directed to enter this case as **CLOSED**.

**DONE** and **SIGNED** in Chambers at West Palm Beach, Florida this ___ day of May, 2008.

Daniel T. K. Hurley
United States District Judge

*Copies furnished to counsel of record*